## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Danny R. Pennebaker,

                Petitioner,          Case No. 17-12196

v.

Randee Rewerts,[1] Warden,       Hon. Judith E. Levy
                                       United States District Judge

                Respondent.        Mag. J. David R. Grand

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [24], DENYING AS MOOT PETITIONER'S MOTION FOR CONSIDERATION OF HABEAS CORPUS PETITION [22], AND DENYING PETITIONER'S MOTIONS TO REOPEN OR EXTEND TIME TO APPEAL [26, 27]

Petitioner Danny R. Pennebaker, a prisoner currently confined at the Carson City Correctional Facility, in Carson City, Michigan, filed a *pro se* petition challenging his convictions for felonious assault and assault with intent to rob while armed. He sought habeas corpus relief on the ground that his trial counsel was constitutionally ineffective for

---

[1] The proper respondent for a state prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254 is the state officer having custody of the petitioner. *See* Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. The Court orders the case caption amended to reflect the name of the warden of Carson City Correctional Facility, Randee Rewerts.

conceding guilt on the felonious assault charges after Petitioner had asserted his innocence. The Court denied relief in an Order dated July 27, 2020. (ECF No. 18.) The Court's Order was mailed to Petitioner but was returned as undeliverable. (ECF No. 21.) Petitioner asserts that he did not receive the Court's Order until September 8, 2020. (ECF Nos. 24, 26.)

Now before the Court are four motions filed by Petitioner. The first motion, filed before Petitioner received notice that his petition was denied, sought a ruling on the habeas petition. (ECF No. 22.) Next, Petitioner filed a motion for reconsideration[2] of the Court's denial of his habeas petition. (ECF No. 24.) On September 22, 2020, Petitioner filed a Notice of Appeal (ECF No. 23), which was followed by two motions requesting this Court reopen or extend his time to appeal, on October 19,

---

[2] Petitioner's motion for reconsideration was erroneously docketed as filed September 22, 2020. Under the "prison mailbox rule," the motion was filed on September 14, 2020, when it was signed and provided to prison authorities for delivery via U.S. Postal Mail. (*See* ECF No. 24, PageID.792). *United States v. Smotherman*, 838 F.3d 736, 737 (6th Cir. 2016) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Tanner v. Yukins*, 776 F.3d 434, 436 (6th Cir. 2015)) (other citations omitted) (recognizing the "typical rule that a *pro se* prisoner's" pleadings are considered filed when submitted for mailing to the court).

2020, and December 16, 2020. (ECF Nos. 26, 27.) For the reasons stated below, all motions are denied.

## I. Background

Petitioner was convicted at a jury trial in Jackson County, Michigan, of two counts of assault with intent to rob while armed ("AWIRA"), Mich. Comp. Laws § 750.89; and two counts of felonious assault (assault with a dangerous weapon), Mich. Comp. Laws § 750.82, for pulling a knife on two individuals. *People v. Pennebaker*, No. 322117, 2015 WL 6439047, at *1 (Mich. Ct. App. Oct. 22, 2015) (unpublished) (per curiam).

Following a direct appeal by right and collateral motions in the state courts, Petitioner filed an application for the writ of habeas corpus in this Court. (ECF No. 1.) Petitioner's sole issue was that his trial attorney was ineffective because he "admit[ed] guilt to two counts of felon[i]ous assault, without my consent, after I have already rejected a plea bargain to admit guilt to only one count of felon[i]ous assault." (*Id.* at PageID.6.)

On July 27, 2020, the Court dismissed Petitioner's application for a writ of habeas corpus because he did not establish his entitlement to

relief. (ECF No. 18.) It also declined to issue a certificate of appealability or grant Petitioner pauper status on appeal. (*Id.*)

Petitioner's motion for "consideration" of his petition, requesting the Court grant or deny it, was filed on August 19, 2020. (ECF No. 22.) As the petition had already been denied, this motion was moot when it was filed. Petitioner's motion for reconsideration argues that the Court erred in its understanding and analysis of his habeas claim. (ECF No. 24.) Alternatively, the motion contends that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") should not apply to Petitioner's case. (*Id.*)

Petitioner asserts that he did not receive notice of the July 27, 2020, Order and Judgment until September 8, 2020, after it was sent to him by the Jackson County appellate prosecutor. (Pet. Mot. Reconsid., ECF No. 24, PageID.786–87; *see also* Pet. Mot. Reopen/Ext. Time, ECF No. 26, PageID.799 (letter from prosecutor).) Petitioner's account is supported by the case docket, which indicates the order sent to him was returned to the Court by the Michigan Department of Corrections. (*See* ECF No. 21.)

Petitioner filed a notice of appeal of the dismissal on September 22, 2020. (ECF No. 23.) He also filed two motions to reopen or extend the

time to appeal, on October 21, 2020 and December 16, 2020, again noting that he did not receive this Court's July 27, 2020 Order until several weeks after it was entered. (ECF Nos. 26, 27.)

On December 1, 2020, the Sixth Circuit dismissed Petitioner's appeal for lack of jurisdiction because he did not file it within thirty days of the order dismissing his habeas petition and he had not moved for an extension or reopening of the time to file by this court. (*See* Sixth Circuit Court of Appeals Case No. 20-1968, Order, Dec. 1, 2020, ECF No. 15-2.) On January 20, 2021, that Court denied Petitioner's motion for reconsideration, reiterating that his October 2020 motion to reopen his time to appeal was filed too late. (Case No. 17-12196, ECF No. 28.)

## II. Legal Standard

Petitioner does not state the basis for his motion for reconsideration. Pleadings by *pro se* litigators must be construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Because Petitioner's argument is with the Court's legal analysis, the Court construes his motion as brought pursuant to Fed. R. Civ. P. 59 or 60(b)(1). A court "may grant a timely

Rule 59 motion to alter or amend [a] judgment to correct a clear error of law . . ." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). Relief under Rule 60(b)(1) is available "when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

Motions for reconsideration are also governed by Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger*, 340 F. Supp. 2d, 773, 774 (E.D. Mich. 2004); *Hence*, 49 F. Supp. 2d at 550-51 (citing L.R. 7.1(g)(3)). Under Local Rule 7.1, a motion that merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward*, 340 F. Supp. 2d at 774.

6

### III. Analysis

### A. Motion for Reconsideration

Petitioner asserts in his motion for reconsideration that the Court misunderstood his sole issue of ineffective assistance; specifically, overlooking his claim of structural error and mistakenly analyzing the issue for harmless error. (ECF No. 24, PageID.787.). He seeks review of the "proper issue" or alternatively, analysis "outside the constraints" of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). (*Id*. at PageID.788.) Petitioner also argues that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), applies to his case because it was decided before the state court issued its decision on collateral review. (*Id*. at PageID.789-90.)

First, under E.D. Mich. Local Rule 7.1, Petitioner's motion is denied because his arguments for reconsideration are the same as those considered by the Court in its original order. *Hence*, 49 F. Supp. 2d at 553. In addition, contrary to Petitioner's assertions, the Court analyzed whether *McCoy* entitled Petitioner to relief (*see* ECF No. 18, PageID.759–62), and further, it expressly reached the question of structural error he argues the Court overlooked. The order explained the appropriate

inquiry in Petitioner's case was ineffective assistance of counsel under *Florida v. Nixon*, 543 U.S. 175 (2004), not structural error under *McCoy*. (*Id.* at 762.) Petitioner is thus not entitled to relief on this motion.

Alternatively, Petitioner argues AEDPA should not apply to his habeas petition because "the state courts were given an opportunity to address, as new evidence, the plea rejection issue and refusal to admit guilt . . ." but they did not do so. (ECF No. 24, PageID.788.) Petitioner describes this "new evidence" as "the details of the rejected plea offer . . . which outlines and validates the refusal to admit guilt to only one count of FA in a plea offer." (*Id.* at 791, n. 2.) Petitioner refers to a letter by his first appointed trial counsel. (*Id.*; *see also* Pet. Mot. Rel. fr. J., ECF No. 15-1, PageID. 686.) However, the attorney's letters provide no details of the plea offer, at best referring only to a "verbal plea offer, should Mr. Pennebaker waive preliminary examination." (*See* Pet. Mot. Expand Rec., ECF No. 12, PageID.144; *see generally id.* at PageID.143–47.) In fact, counsel's letters are clear that any record of the offer and his rejection of it, which might have informed successor counsel of Petitioner's purported assertion of innocence, likely did not exist and would not have been in his criminal case file. (*See id.* at PageID.143–47.)

8

Regardless, the presence or absence of a record of the plea offer's details and Petitioner's rejection of it does not change the outcome here. As explained in the Court's order dismissing the petition, the single rejection of a plea offer months before trial simply does not correspond to the "strenuous[] object[ions]" the defendant in *McCoy* raised "at every opportunity." *McCoy*, 138 S. Ct. at 1509, 1512. Petitioner's "new evidence" does not demonstrate he is entitled to relief under *McCoy*.

In sum, Petitioner has identified no palpable error, the correction of which would result in a different outcome. For the reasons stated in the Court's July 27, 2020 Order, Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In addition, because an appeal from this decision would be frivolous and could not be taken in good faith, Petitioner may not proceed *in forma pauperis* on appeal. *See Coppedge v. U.S.*, 369 U.S. 438, 444 (1962); Fed. R. App. P. 24(a)(3)(A).

## B. Motion to reopen or extend time to appeal

The Sixth Circuit has ruled that Petitioner's motion to reopen or extend his time to appeal was untimely and has rejected his motion to

reconsider that ruling. (*See* Sixth Circuit Court of Appeals Case No. 20-1968, Order, Dec. 1, 2020, ECF No. 15-2; Sixth Circuit Order, Jan. 20, 2021, Case No. 17-12196, ECF No. 28.) The Court will explain in more detail why Petitioner is not entitled to relief, and why his pending motion for reconsideration in this Court does not dictate a different outcome.

First, the Federal Rules of Appellate Procedure require that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). A party seeking to extend the deadline or reopen the time to file an appeal must file a motion requesting such relief in the district court. R. 4(a)(5), (6).

A court may grant a motion for extension of time that is filed "no later than 30 days" after the expiration of the thirty-day time to file. R. 4(a)(5)(A); *see also Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015). Petitioner's first motion to reopen the deadline or extend the time (ECF No. 26) exceeds that sixty-day limit, because it was filed October 19, 2020, eighty-four days after the entry of the order dismissing his petition.

Rule 4 permits a district court to reopen—for fourteen days—a party's time to file an appeal if two conditions are met: first, that the

party did not receive notice of the order being appealed within twenty-one days of its entry; and second, that the motion to reopen be filed within the *earlier* of fourteen days after receiving notice or 180 days after the order or judgement is entered. R. 4(a)(6)(A), (B); 28 U.S.C. § 2107(c); *Hall v. Scutt*, 482 F. App'x 990, 990–91 (6th Cir. 2012) (citing *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005), *aff'd*, 551 U.S. 205 (2007)) ("Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal").

Petitioner meets the first criterion, having received notice of the Court's July 27, 2020 Order on September 8, 2020, six weeks after its entry. However, he failed to file his motion to reopen the time to appeal within the fourteen days following notice as required by Rule 4(a)(6)(B).

Petitioner asserts in an affidavit filed with his second motion to extend or reopen his time to file that he filed such a motion on September 15, 2020, in both the district court and the Sixth Circuit Court of Appeals. (ECF No. 27, PageID.811.) He stated the pleading also included motions to reconsider, for a certificate of appealability, and for leave to proceed *in forma pauperis* on appeal. (*Id.*) A pleading filed at the Sixth Circuit dated September 14, 2020 includes the latter three motions. (Docket No. 20-

1968, Dkt. Entry 3-2.) However, the document does not include a request to extend the time to appeal. Further, the Court has reviewed in detail Petitioner's pleadings in both the district court and the court of appeals but finds no evidence that he requested such relief before October 19, 2020.

Nor may the Court grant relief because of Petitioner's pending motion for reconsideration, which can impact the timing of a notice of appeal. R. 4(a)(4). Unfortunately for Petitioner, because the motion was filed more than twenty-eight days after the Court's Order and Judgment were filed, it does not provide a basis to extend his time to appeal. R. 4(a)(4)(A)(iv)–(vi) (addressing motions brought pursuant to Fed. R. Civ. P. 59 and 60); *see also Hall*, 482 F. App'x at 991 (citations omitted) ("Rule 60(b) cannot be used to circumvent Rule 4(a)(6)'s requirements."); *McDonald v. Lasslett*, No. 18-2435, 2019 WL 2592572, at *2 (6th Cir. May 28, 2019) (a motion for reconsideration filed "more than twenty-eight days after the district court's August 15 judgment . . . did not meet Rule 4(a)(4)(A)(vi)'s requirements").

In *Bowles*, the Supreme Court held "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" not subject to

equitable exceptions. 551 U.S. at 214. Accordingly, the restrictions above apply regardless of whether the party received notice within the rules' time limits. As the Tenth Circuit has observed, "[t]he essence of Rule 4(a)(6) is finality of judgment" and the application of that finality "may work misfortune . . ." *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000). Petitioner was reasonably diligent in attempting to preserve his rights and his circumstances reflect *Clark*'s "misfortune." The Court is sympathetic, but under *Bowles* and pursuant to the Sixth Circuit's orders in Petitioner's appeal, Petitioner's time to appeal will not be reopened.

### IV. Conclusion

For the reasons stated above, Petitioner's motion for reconsideration (ECF No. 24) is **DENIED**.

Petitioner's motion for consideration of the habeas petition (ECF No. 22) is **DENIED AS MOOT**.

Petitioner's motions to reopen or extend the time to file an appeal (ECF No. 26, 27) are **DENIED**.

Petitioner's request for a certificate of appealability and permission to appeal *in forma pauperis* is **DENIED**.

IT IS SO ORDERED.

13

Dated: January 27, 2021           s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager